RECEIVED
2006 OCT 31 A 11: 25
P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION

DALE L. JACKSON, II and
KIM JACKSON, Individually and as parents of
and on behalf of Jarrett D. Jackson, a Minor

PLAINTIFF

versus                                   CIVIL ACTION NO. 3:06-CV-984-WKW

(DEMAND FOR JURY TRIAL)

CASEY DUANE HARRIS and PITTS AND SONS, INC.

DEFENDANTS

## COMPLAINT

COME NOW Dale L. Jackson, II and Kim Jackson, husband and wife, individually and as parents of and on behalf of Jarrett D. Jackson, a Minor, Plaintiffs, and bring this action against Casey Duane Harris and Pitts and Sons, Inc., Defendants. In support whereof, Plaintiffs allege the following:

### INTRODUCTION

1. This is a suit for damages by the parents of a minor injured in a vehicle accident near Opelika, Alabama, on November 5, 2004, due to the negligence of the driver of a tow truck owned and operated by Defendant, Pitts and Sons, Inc. Damages are sought on behalf of both

the parents, individually, and the minor child.

2. Plaintiffs Dale L. Jackson, II and his wife, Kim Jackson, bring this action for damages alleging that Plaintiffs' minor son, Jarrett D. Jackson was injured on November 5, 2004, while he was a passenger in a truck being operated by his father, Dale L. Jackson, II, when a power take-off pump was dragged loose from a garbage truck being towed by a tow truck owned by Pitts and Sons, Inc. and operated by an employee of Pitts and Sons, Inc., Casey Duane Harris, for which Defendants are liable. Plaintiff Dale L. Jackson, II, also suffered emotional damages as a result of the accident. At the time of the accident, Defendant Casey Duane Harris was in the course and scope of his employment with Defendant Pitts and Sons, Inc.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises in this action based on diversity of citizenship pursuant to 28 U.S.C. §1332. Plaintiffs are residents of the State of Texas. Defendants are an individual and a corporate resident of the State of Alabama. The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs. Accordingly, jurisdiction based on diversity of citizenship exists in this Court.

4. This Court has personal jurisdiction over the Defendants because the individual Defendant, Casey Duane Harris, resides in Wilmer, Alabama, and the corporate Defendant, Pitts and Sons, Inc., has its principal offices at a location within the jurisdiction of this Court and because the events giving rise to the claims asserted herein occurred in the State of Alabama and within the Eastern Division of the Middle District of Alabama, specifically Lee County, Alabama.

5. Venue is proper in this district under 28 U.S.C. §1391 because the individual Defendant resides in this judicial district and because the principal offices of the corporate

Defendant are located in this judicial district.

## PARTIES

6. Plaintiffs, DALE L. JACKSON, II and KIM JACKSON, husband and wife, are natural persons of the full age of majority, currently residing in and domiciled in Pleasanton, Atascosa County, Texas, and are the parents of Jarrett D. Jackson, a minor born to their marriage on October 22, 1989.

7. Defendant Casey Duane Harris, is a resident of the full age of majority of the State of Alabama, residing at 9625 Lott Road #3, Wilmer, Alabama 36587. Defendant Pitts and Sons, Inc., is a corporation organized under the laws of the State of Alabama which is authorized to do and doing business in the State of Mississippi. Its principal offices are located at 1850 Shelton Beach Road East, Saraland, Alabama 36571, a location within this judicial district. The agent for service of process on Defendant is Lynis B. Pitts, 703 Shelton Beach Road, Saraland, Alabama 36571.

## FACTUAL ALLEGATIONS

8. On November 5, 2004, Plaintiff Dale L. Jackson, II was the operator of a 1999 Ford F-250 pickup truck traveling southbound on Interstate 85 near mile marker 59.3, in Lee County, Alabama.

9. At the time, Plaintiff's minor son, Jarrett D. Jackson, whose date of birth is October 22, 1989, was a guest passenger in the pickup truck, occupying the passenger seat of the truck.

10. As Plaintiff Dale L. Jackson, II drove in the outside lane of Interstate 85, he was passed at an excessive rate of speed by a tow truck owned by Defendant Pitts and Sons, Inc. ("Pitts") and operated by Defendant Casey Duane Harris ("Harris"), an employee of Pitts who was at the time in the course and scope of his employment. The tow truck was towing a garbage

truck that belonged to Allied Waste North America, Inc. ("Allied Waste").

11. After passing Plaintiff's truck, the tow truck and the garbage truck it had under tow moved back into the outside lane of Interstate 85. At that point, Plaintiff Dale L. Jackson, II, noticed a streak of what appeared to be hydraulic fluid coming from underneath the Allied Waste garbage truck that was under tow by the tow truck owned by Defendant Pitts and operated by Defendant Harris.

12. Suddenly and without warning, a heavy metal object, later identified as the power take-off pump from the garbage compression apparatus on the rear of the Allied Waste garbage truck that was under tow, broke loose from the garbage truck, bounced on the roadway and smashed through the windshield of the Ford pickup truck driven by Plaintiff Dale L. Jackson, II and stuck Jarrett D. Jackson with great force and violence on the left side of his body.

13. After the pump struck Jarrett D. Jackson on the left side of his body, it bounced off him and struck the rear wall of the Ford pickup truck with sufficient force to bend the rear wall of the cab outwards.

14. After the pump broke loose from the garbage truck that was under tow and struck the Jackson vehicle and Jarrett D. Jackson, the tow truck owned by Defendant Pitts and operated by Defendant Harris did not stop. Plaintiff Dale L. Jackson, II, chased down the tow truck and stopped it some distance further south on Interstate 85.

15. Defendant Harris indicated to the investigating officers at the scene that he was unaware of the accident until Plaintiff Dale L. Jackson, II caught up with him and stopped him.

## CAUSES OF ACTION CLAIMED BY PLAINTIFFS

### COUNT I

### NEGLIGENT FAILURE TO PROPERLY SECURE A LOAD THAT WAS UNDER TOW AND DRIVING AT AN EXCESSIVE RATE OF SPEED

16. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Plaintiffs allege that Defendant is liable unto Plaintiffs for all reasonable damages suffered as a result of the November 5, 2004 accident and injury to Jarrett D. Jackson and the emotional injuries to Plaintiff Dale L. Jackson, II individually, because Defendant Harris, while in the course and scope of his employment with Defendant Pitts, negligently operated the tow truck owned by Defendant Pitts by failing to properly secure the vehicle under tow, by raising the vehicle under tow too high for the equipment mounted on the vehicle under tow to have proper clearance with the surface of the roadway and by operating the tow truck he was driving at an excessive rate of speed, which acts constitute gross negligence on the part of the Defendants.

### COUNT II

### NEGLIGENT FAILURE TO PROPERLY TRAIN EMPLOYEES ON HOW TO SAFELY TOW VEHICLES

18. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Plaintiffs allege that Defendant Pitts is liable unto Plaintiffs for all reasonable

damages suffered as a result of the November 5, 2004 accident, because Defendant Pitts negligently failed to properly train Defendant Harris, its driver-employee who was in the course and scope of his employment with Defendant Pitts at the time of the accident complained of herein, on the proper methods of securing loads under tow, of the proper elevations to raise vehicles under tow so that they could be towed without equipment mounted on such vehicles coming into contact with the surface of the pavement and of the requirement to operate tow trucks at a reasonable rate of speed.

## COUNT III

### NEGLIGENT CREATION OF A DANGEROUS HIGHWAY CONDITION THROUGH THE NEGLIGENT ACTS OF DEFENDANT OR OF ONE OR MORE OF DEFENDANT'S EMPLOYEES

20. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Plaintiffs show that by failing to properly secure the load under tow, to wit: the Allied Waste garbage truck, Defendants Harris and Pitts created an unreasonably dangerous condition on a public roadway, specifically a heavy metal pump that pulled loose from the truck under tow, bounced on the pavement and collided with the truck being driven by Plaintiff Dale L. Jackson, II.

22. Plaintiffs allege that the dangerous condition, to wit: a heavy metal pump bouncing along the surface of a public highway, was a condition created through a negligent act or acts of Defendant Pitts or Defendant Harris, one of its employees who was, at the time of the accident, in the course and scope of his employment with Defendant Pitts and that such acts of negligence constituted gross negligence on the part of the Defendants.

## **DAMAGES**

23. Plaintiffs have incurred, and continue to incur, medical expenses for the treatment of the injuries suffered by Jarrett D. Jackson, for which Defendants are liable to Plaintiffs pursuant to Code of Alabama §6-5-390. To date, charges for treatment of Jarrett D. Jackson exceed the sum of $10,000.00.

25. Plaintiffs have incurred, and continue to incur, loss of services of their minor son, Jarrett D. Jackson, for which Defendants are liable to Plaintiffs for all reasonable damages.

26. As a result of the impact of the pump with the left side of Jarrett D. Jackson's body, he suffered a lacerated spleen, injuries to his back and other injuries, for which he was initially hospitalized at the East Alabama Medical Center, Opelika, Alabama, and thereafter treated by various physicians and psychologists in the San Antonio, Texas area where he resides.

27. Jarrett D. Jackson, a minor, has suffered, and continues to suffer, pain and emotional distress, disability, post-traumatic stress syndrome and fear of large trucks, loss of enjoyment of life, loss of functional capacity and a loss of earning capacity as a result of the injuries he sustained as a result of the negligence of Defendants. Plaintiffs allege that the injuries to Jarrett D. Jackson have caused him permanent injuries. Through his parents, Plaintiffs herein, Jarrett D. Jackson is entitled to recover all reasonable damages to which he is entitled under the laws of the State of Alabama, of whatever nature or kind, general, special, compensatory, punitive and exemplary.

28. Plaintiff Dale L. Jackson, II, has suffered emotional damages as a result of the accident. He was in reasonable fear for his life and the life of his minor son, Jarrett D. Jackson, as the pump bounced down the highway and came through the windshield of the vehicle he was operating at the time of the accident. Had Plaintiff Dale L. Jackson, II, not pushed his son out of

the way of the pump as it crashed through the windshield of the truck, his son would have been killed by the impact of the heavy pump. Although he was not physically struck by the pump as it crashed through his windshield, Plaintiff Dale L. Jackson, II individually has suffered emotional damages as a result of his fear of impending injury or death, resulting from his seeing the pump bouncing down the highway and knowing that it was going to crash into his truck, and further emotional damages as a result of the trauma of having to take action to save his son from certain death and observing the serious injury to his son from a first-hand viewpoint, to wit: while he was sitting on the same seat in the pickup truck when the pump impacted his son's side.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered against Defendants for all reasonable damages, of whatever nature and kind allowed by law, as prayed for above, general, special, punitive, exemplary or otherwise, plus all costs of court and interest from date of judicial demand until paid in full.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States, Rule 38(b) of the Federal Rules of Civil Procedure and Rule 38(a) of the Alabama Rules of Civil Procedure, Plaintiffs are entitled to and demand a trial by jury on all issues triable by jury.

Respectfully submitted,

DALE L. JACKSON, II and KIM JACKSON,
Individually and as parents of and on behalf of
Jarrett D. Jackson, a Minor
       PLAINTIFFS

BY: _____
   VICTOR KELLEY
   VICTOR KELLEY, L.L.C.
   ATTORNEY FOR PLAINTIFFS

VICTOR KELLEY, ASB-5437-Y82E
VICTOR KELLEY, L.L.C.
Suite 1650
505 North 20th St
Birmingham, AL 35203
Telephone 205-244-1449
Fax 205-581-5038
E-mail: <kelley@nmjg.com>

JOHN S. ODOM, JR., LOUISIANA BAR NO. 10163 (*pro hac vice*)
JONES, ODOM, DAVIS & POLITZ, L.L.C.
2124 Fairfield Avenue
Shreveport, Louisiana 71104
Telephone 318-221-1600
Fax 318-425-1256
E-mail: john.odom@jodplaw.com