**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| DALE L. JACKSON, II, and ) | |
| KIM JACKSON, Individually and as ) | |
| Parents of and on behalf of Jarrett D. ) | |
| Jackson, a minor, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case Number:  3:06-cv-984-WKW |
| ) | |
| CASEY DUANE HARRIS and ) | |
| PITTS AND SONS, INC., ) | |
| ) | |
| Defendants. ) | |
| ） | |

**ANSWER OF DEFENDANTS CASEY DUANE HARRIS**
**AND PITTS AND SONS, INC.**

COME NOW the Defendants, Casey Duane Harris (hereinafter "Harris") and Pitts and Sons, Inc. (hereinafter "Pitts"), and answer the Plaintiffs' Complaint as follows:

1.  Defendants deny the material allegations contained in paragraph 1 of Plaintiffs' Complaint and demand strict proof thereof.

2.  Defendants deny the material allegations contained in paragraph 2 of Plaintiffs' Complaint and demand strict proof thereof.

3.  Defendant Harris admits that he is an individual residing in the State of Alabama. Defendant Pitts admits that it is a corporate resident of the State of Alabama. Defendants have insufficient information to admit or deny the remaining material allegations contained in paragraph 3 of Plaintiff's Complaint and therefore deny such allegations and demand strict proof thereof.

4. Defendant Harris admits that he is an individual residing in Wilmer, Alabama. Defendant Pitts admits that it is a corporate resident of the State of Alabama. Defendants have insufficient information to admit or deny the remaining material allegations contained in paragraph 4 of Plaintiff's Complaint and therefore deny such allegations and demand strict proof thereof.

5. Defendant Harris admits that he is an individual residing in the State of Alabama. Defendant Pitts admits that it is a corporate resident of the State of Alabama. Defendants have insufficient information to admit or deny the remaining material allegations contained in paragraph 5 of Plaintiff's Complaint and therefore deny such allegations and demand strict proof thereof.

6. Defendants have insufficient information to admit or deny the material allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. Defendants admit the material allegations contained in paragraph 7 of Plaintiffs' Complaint.

8. Defendants deny the material allegations contained in paragraph 8 of Plaintiffs' Complaint and demand strict proof thereof.

9. Defendants deny the material allegations contained in paragraph 9 of Plaintiffs' Complaint and demand strict proof thereof.

10. Defendants deny the material allegations contained in paragraph 10 of Plaintiffs' Complaint and demand strict proof thereof.

11. Defendants deny the material allegations contained in paragraph 11 of Plaintiffs' Complaint and demand strict proof thereof.

12. Defendants deny the material allegations contained in paragraph 12 of Plaintiffs' Complaint and demand strict proof thereof.

13. Defendants deny the material allegations contained in paragraph 13 of Plaintiffs' Complaint and demand strict proof thereof.

14. Defendants deny the material allegations contained in paragraph 14 of Plaintiffs' Complaint and demand strict proof thereof.

15. Defendants deny the material allegations contained in paragraph 15 of Plaintiffs' Complaint and demand strict proof thereof.

16. In response to paragraph 16 of Plaintiffs' Complaint, Defendants adopt and re-allege their answers to the previous paragraphs as if fully set out herein.

17. Defendants deny the material allegations contained in paragraph 17 of Plaintiffs' Complaint and demand strict proof thereof.

18. In response to paragraph 18 of Plaintiffs' Complaint, Defendants adopt and re-allege their answers to the previous paragraphs as if fully set out herein.

19. Defendants deny the material allegations contained in paragraph 19 of Plaintiffs' Complaint and demand strict proof thereof.

20. In response to paragraph 20 of Plaintiffs' Complaint, Defendants adopt and re-allege their answers to the previous paragraphs as if fully set out herein.

21. Defendants deny the material allegations contained in paragraph 21 of Plaintiffs' Complaint and demand strict proof thereof.

22. Defendants deny the material allegations contained in paragraph 22 of Plaintiffs' Complaint and demand strict proof thereof.

23. Defendants deny the material allegations contained in paragraph 23 of Plaintiffs' Complaint and demand strict proof thereof.

24. There is no paragraph 24 to Plaintiffs' Complaint, therefore no answer is required.

25. Defendants deny the material allegations contained in paragraph 25 of Plaintiffs' Complaint and demand strict proof thereof.

26. Defendants deny the material allegations contained in paragraph 26 of Plaintiffs' Complaint and demand strict proof thereof.

27. Defendants deny the material allegations contained in paragraph 27 of Plaintiffs' Complaint and demand strict proof thereof.

28. Defendants deny the material allegations contained in paragraph 28 of Plaintiffs' Complaint and demand strict proof thereof.

29. Defendants generally deny each and every other material allegation contained in Plaintiffs' Complaint and demand strict proof thereof.

30. Defendants plead not guilty.

31. Defendants deny that they were negligent.

32. Defendants deny that they were guilty of gross negligence.

## **FIRST DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted against these Defendants.

## SECOND DEFENSE

Plaintiffs have failed to mitigate their injuries and damages, if any.

## THIRD DEFENSE

Plaintiffs are guilty of contributory negligence which would also bar recovery against these Defendants.

## FOURTH DEFENSE

Plaintiffs assumed the risk of the injuries and damages, if any, complained of in the Complaint filed herein which would also bar recovery against these Defendants.

## FIFTH DEFENSE

Defendants' conduct was not the proximate cause of any injuries and damages to the Plaintiffs.

## SIXTH DEFENSE

Plaintiffs' injuries and damages, if any, are the result of a superseding independent intervening cause.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the applicable Statute of Limitations.

## EIGHTH DEFENSE

Defendants plead the doctrine of sudden emergency.

## NINTH DEFENSE

Plaintiffs are guilty of contributory negligence per se which would also bar recovery against these Defendants.

## TENTH DEFENSE

Defendants plead the general issue.

## ELEVENTH DEFENSE

Defendants plead improper venue.

## TWELFTH DEFENSE

Defendants plead this Court lacks jurisdiction over this matter.

## THIRTEENTH DEFENSE

Defendants plead that the accident was unavoidable.

## FOURTEENTH DEFENSE

Defendants plead that the Plaintiffs had the last clear chance to avoid the accident.

**FIFTEENTH DEFENSE**

These Defendants deny that the Plaintiffs are injured to the extent as alleged in the Complaint and demand strict proof thereof.

**SIXTEENTH DEFENSE**

These Defendants assert that they are entitled to a set off or credit of any and all settlement amounts paid by any party or potential party to this litigation, whether or not named herein, pursuant to Williams v. Colquitt, 272 Ala. 577, 133 So. 2d 364 (Ala. 1961), and its progeny.

**SEVENTEENTH DEFENSE**

Defendants assert Ala. Code § 12-24-45 (1975), pursuant to Dixie Marsh v. Rodgers Green, M.D., Ala. Sup. Ct. 1981897 (September 22, 2000). Plaintiffs claim damages for medical expenses and/or hospital expenses which have been, or which will be reimbursed or paid, in part or in full.

**EIGHTEENTH DEFENSE**

The procedures by which damages for mental anguish or emotional damages are awarded to Plaintiffs in Alabama violate the due process rights secured to the Defendants by the United States Constitution and the Constitution of the State of Alabama in that these procedures deprive the Defendants of their property without due process of law by failing to provide the jury with adequate standards or guidelines by which to render such an award.

### NINETEENTH DEFENSE

The procedures by which damages for mental anguish or emotional damages are awarded to Plaintiffs in Alabama violate the due process rights secured to the Defendants by the United States Constitution and the Constitution of the State of Alabama in that these procedures deprive the Defendants of their property without due process of law by allowing the jury unbridled discretion to determine the amount of the award and thereby rendering such an award in an arbitrary and capricious manner.

### TWENTIETH DEFENSE

The procedures by which damages for mental anguish or emotional damages are awarded by juries in the State of Alabama violate constitutional rights secured to the Defendants under the United States Constitution and the Constitution of the State of Alabama by depriving the Defendants of their property without due process of law because no reasonable standard or guideline is given to the jury to insure that the award is reasonable and further there is no meaningful standard for judicial review of the award post verdict to insure that the award does not exceed constitutional limitations.

### TWENTY-FIRST DEFENSE

The procedures by which damages for mental anguish or emotional damages are awarded by juries in the State of Alabama violate constitutional rights secured to the Defendants under the United States Constitution and the Constitution of the State of Alabama by depriving the Defendants of their property without due process of law in that no reasonable criteria, guideline, or standard is provided to the jury in order that the jury

may determine from the evidence what quality or quantity of evidence is necessary to justify an award of damages for mental anguish.

### TWENTY-SECOND DEFENSE

These Defendants are deprived of their rights secured by the United States Constitution and the Constitution of the State of Alabama because an award of mental anguish or emotional damages in this case is unconstitutional.

### TWENTY-THIRD DEFENSE

The procedures by which damages for mental anguish or emotional damages are awarded by Alabama juries deprives these Defendants of constitutional rights secured to them by the Constitution of the United States of America and the State of Alabama in that the same deprives these Defendants of their property without due process of law by not providing an objective standard by which the jury may measure an award or an objective standard by which the judge may review the jury's award to determine if it is reasonable, just, and proper.

### TWENTY-FOURTH DEFENSE

The procedure by which damages for mental anguish or emotional damages are awarded by Alabama juries deprives these Defendants of constitutional rights secured to them by the Constitution of the United States of America and the State of Alabama in that the same deprives these Defendants of their property without due process of law by

allowing juries to return awards of compensatory damages for mental anguish which are speculative, based on conjecture, and without substantial evidence to support the same.

### TWENTY-FIFTH DEFENSE

The process by which Alabama Courts allow juries to award damages for mental anguish or emotional damages violates the elementary notions of fairness dictated by the United States constitutional law in that it does not provide the Defendants with fair notice of what conduct will subject them to liability nor the severity of the damages that the state may impose through the jury system; therefore, the Defendants are deprived of their property without due process of law in contravention of the rights secured to the Defendants by the Fourteenth Amendment to the Constitution of the United States of America.

### TWENTY-SIXTH DEFENSE

The process by which Alabama Courts allow juries to award damages for mental anguish or emotional damages violates the due process rights secured to these Defendants by the United States Constitution and the Constitution of the State of Alabama in that this process deprives the Defendants of their property without due process of law by failing to give the Defendant notice of the range of damages which might be returned because juries are given unbridled discretion to determine the amount of the award and thereby render such an award in an arbitrary and capricious manner.

**TWENTY-SEVENTH DEFENSE**

The process by which Alabama Courts allow juries to award damages for mental anguish or emotional damages violates the elementary notions of fairness dictated by the United States constitutional law and the Constitution of the State of Alabama in that it does not provide the Defendants with fair notice of the amount of the award which may be rendered by a jury and there is no guarantee that the mental anguish award will be reasonably related to other awards in similar circumstances.

**TWENTY-EIGHTH DEFENSE**

These Defendants are deprived of their property without due process of law in contravention of the rights secured to these Defendants by the Fourth Amendment to the Constitution of the United States of America in that the Defendants are not provided with adequate notice of the extent of damages which may be awarded for mental anguish or emotional damages because Alabama juries are returning mental anguish damage awards which are in violation of the United States and Alabama Constitution.

**TWENTY-NINTH DEFENSE**

These Defendants aver that they are entitled to the benefits of and protection of Section 6-11-20 through 6-11-30, Code of Alabama 1975, as amended.

## **THIRTIETH DEFENSE**

To the extent Plaintiffs' suit may invoke punitive damages, it violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

(a) It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple Defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and,

(g) The procedure pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution.

(h) The Plaintiff's claim of punitive damages violates the due process clause of Article I, Section 6 of the Constitution of Alabama, on the following grounds:

(1) It is a violation of the due process clause to impose punitive damages which are penal in nature, upon a civil Defendant upon the Plaintiff satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(2) The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against these Defendant;

(3) The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

(4) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages; and,

(5) The award of the punitive damages in this case constituted a deprivation of property without due process of law.

(i) The Plaintiffs' attempt to impose punitive or extra-contractual damages on these Defendants, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution.

(j) The award of punitive damages to the Plaintiffs in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

(k) The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine in violation of Article I, Section 15, of the Constitution of Alabama.

(l) The award of punitive damages against these Defendants in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

  (m)  The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the amount established by the legislature under Ala. Code, Section 27-1-17 (1975), in violation of the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution and Article, Section 6, of the Alabama Constitution.

## THIRTY-FIRST DEFENSE

Plaintiffs' Complaint seeks to make these Defendants liable for punitive damages. The United States Supreme Court has reversed the Alabama Supreme Court in the case styled BMW of North America, Inc. v. Gore, 116 S. Ct. 1589 (1996) on the issues of punitive damages. Defendants adopt by reference whatever defenses, criteria, limitations, and standards as mandated by the United States Supreme Court decision in that case.

## THIRTY-SECOND DEFENSE

Defendants plead that any punitive damages that the Plaintiffs may recover in this case should be capped in keeping with Alabama Code § 6-11-21 and in the spirit of the Alabama Supreme Court's recent decision in Oliver v. Towns, 738 So.2d 798 (Ala. 1999).

## THIRTY-THIRD DEFENSE

Defendants plead punitive damages are not allowed under the Complaint as plead and are due to be struck as a matter of law.

## **THIRTY-FOURTH DEFENSE**

Plaintiffs' demand for punitive damages is due to be struck because on May 14, 2001, the United States Supreme Court released its decision in *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.* 532 U.S. 424 (2001), holding that the amount of punitive damages, "is not really a fact 'tried' by the jury," and the right to jury trial is therefore not implicated. The court pointed to a fundamental difference between compensatory and punitive damages. Whereas compensatory damages are "essentially a factual determination," punitive damages are "an expression of moral condemnation" that essentially constitutes a conclusion of law. The court cited the Eighth Amendment in explaining that constitutional excessiveness protections apply to both criminal and civil punishments.

Such punishments should be determined by courts as a matter of law, rather than by juries as a matter of fact.

  /s/ D. Mitchell Henry  
D. MITCHELL HENRY  
T. RANDALL LYONS  
Attorneys for Defendants Casey Duane Harris and Pitts and Sons, Inc.

OF COUNSEL:

WEBSTER, HENRY, LYONS & WHITE, P.C.  
Post Office Box 239  
Montgomery, Alabama 36101-0239  
Telephone: 334-264-9472  
Facsimile: 334-264-9599

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing mail via electronic transmission on this the 21st day of November, 2006:

    Victor Kelley, Esq.
    Victor Kelley, L.L.C.
    505 North 20th Street
    Birmingham, AL  35203

    John S. Odom, Jr., Esq.
    Jones, Odom, Davis & Politz, LLC
    2124 Fairfield Avenue
    Shreveport, LA  71104

                                     /s/ D. Mitchell Henry
                                     OF COUNSEL