IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| DALE L. JACKSON, II, and ) <br> KIM JACKSON, Individually and as ) <br> Parents of and on behalf of Jarrett D. ) <br> Jackson, a minor, ) <br>  ) <br>     **Plaintiffs,** ) <br>  ) <br> v. ) <br>  ) <br> CASEY DUANE HARRIS and ) <br> PITTS AND SONS, INC., ) <br>  ) <br>     **Defendants.** ) <br> _____ ) | Case Number:  3:06-cv-984-WKW |

## REPORT OF PARTIES' PLANNING MEETING

    1.    Pursuant to Fed.R.Civ.P. 26(f), a meeting was held on December 18, 2006 by conference call and was attended by:

> John S. Odom, Jr.
> For Plaintiffs Dale L. Jackson, II Individually and as parents of and on behalf of Jarrett D. Jackson, a minor, and Kim Jackson
>
> D. Mitchell Henry
> For Defendants Casey Duane Harris and Pitts and Sons, Inc.

    2.    **Pre-Discovery Disclosures.** The parties will exchange by **January 15, 2007** the information required by Fed.R.Civ.P. 26(a)(1).

    3.    **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

Discovery will be needed on the following subjects:

(a)    Plaintiffs' Negligent Failure to Properly Secure a Load that was Under Tow and Driving at an Excessive Rate of Speed Claim;

(b) Plaintiffs' Negligent Failure to Properly Train Employees on How to Safely Tow Vehicles Claim;

(c) Plaintiffs' Negligent Creation of a Dangerous Highway Condition Through the Negligent Acts of Defendant or of One or More of Defendant's Employees Claim;

(d) Plaintiffs' Gross Negligence Claims;

(e) Defendants' Failure to State a Claim Upon Which Relief May be Granted Defense;

(f) Defendants' Failure to Mitigate Injuries and Damages Defense;

(g) Defendants' Contributory Negligence Defense;

(h) Defendants' Assumption of the Risk Defense;

(i) Defendants' Proximate Cause Defense

(j) Defendants' Superseding Independent Intervening Cause Defense.

(k) Defendants' Statute of Limitations Defense.

(1) Defendant's Doctrine of Sudden Emergency Defense.

(m) Defendant's Contributory Negligence Defense.

(n) Defendant's General Issue Defense.

(o) Defendant's Improper Venue Defense;

(p) Defendant's Lack of Jurisdiction Defense;

(q) Defendants' Defense that the Accident was Unavoidable.

(r) Defendants' Last Clear Chance Defense;

(s) Defendants' Denial that the Plaintiffs are Injured to the Extent as Alleged in the Complaint;

(t) Defendants' Assertion that They are Entitled to a Set Off or Credit of any and all Settlement Amounts Paid by any Party or Potential Party to this Litigation;

    (u)    Defendants' Assertion of Ala. Code § 12-24-45 (1975), Pursuant to <u>Dixie Marsh v. Rodgers Green, M.D.</u>, Ala. Sup. Ct. 1981897 (September 22, 2000). Plaintiffs Claim Damages for Medical Expenses and/or Hospital Expenses which have been, or which will be Reimbursed or Paid, in Part or in Full.

    (v)    Defendants' Defenses with regard to Plaintiffs' Mental Anguish Claims

    (w)    Defendants' Defenses with regard to Punitive Damages.

All discovery commenced in time to be completed by **January 10, 2008**.

Maximum of 40 interrogatories by each party to any other party. Responses due 30 days after service.

Maximum of 25 requests for admission by each party to any other party. Responses due 30 days after service.

Maximum of 12 depositions by plaintiff and 12 by defendants.

Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    From Plaintiffs by **September 17, 2007**

    From Defendants by **October 17, 2007**

Supplementations under Rule 26(e) due in 90 day intervals.

4.    Other items.

The parties do not request a conference with the court before entry of the scheduling order.

The parties request a pretrial conference with the court in **February 2008**.

Plaintiff should be allowed until **January 15, 2007** to join additional parties and until **January 15, 2007** to amend the pleadings.

Defendants should be allowed until **February 15, 2007** to join additional parties and until **February 15, 2007** to amend the pleadings.

All potentially dispositive motions should be filed by **December 14, 2007**.

Settlement cannot be evaluated prior to **August 31, 2007**.

Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

From plaintiff by **August 31, 2007**

From defendants by **September 17, 2007**

Parties should have 15 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

This case should be ready for trial by **March 10, 2008**, and at this time is expected to take approximately 2 to 3 days.

This 19th day of December, 2006.

    /s/ John S. Odom, Jr.
JOHN S. ODOM, JR.
Attorney for Plaintiffs

OF COUNSEL:

JONES, ODOM, DAVIS & POLITZ, L.L.C.
2124 Fairfield Avenue
Shreveport, LA 71104
Telephone: (318) 221-1600
Facsimile: (318) 425-1256

    /s/ Victor Kelley
VICTOR KELLEY
Attorney for Plaintiffs

OF COUNSEL:

VICTOR KELLEY, L.L.C.
Suite 1650
505 North 20th Street
Birmingham, AL 35203
Telephone: (205) 244-1449
Facsimile: (205) 581-5038

           /s/ D. Mitchell Henry
D. MITCHELL HENRY
T. RANDALL LYONS
Attorneys for Defendants

OF COUNSEL:

WEBSTER, HENRY, LYONS & WHITE, P.C.
Post Office Box 239
Montgomery, Alabama 36101-0239
Telephone: 334-264-9472
Facsimile: 334-264-9599